Trinovitch Unemployment Compensation Case.

Electrical Reactance Corporation, Appellant *v.* Unemployment Compensation Board.

Argued March 6, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James E. O'Brien,* with him *Nogi, O'Malley & Harris* and *Henry Nogi,* for employer, appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Richard H. Wagner,* Associate Counsel and *Charles J. Margiotti,* Attorney General, for appellee.

*Ralph P. Needle,* with him *Needle, Needle & Needle,* for claimant-interveners, appellees.

PER CURIAM, July 19, 1951:

In these two cases the employer appeals from awards of compensation. Appellant contends that claimants' unemployment was "due to voluntarily leaving work without good cause," and that under §402 (b) of the Unemployment Compensation Law as amended, 43 PS §802, they thus became ineligible for relief.

The claimants, who were the principal employes in appellant's payroll department, left their employment on October 10, 1949, after a dispute with their supervisor. The supervisor was heard to complain unjustly that her health had been affected through her having had to perform the work of the payroll employes, and

upon being asked for an explanation "became abusive. . . arguing, cursing and swearing." (Finding No. 2). These employes then left their work; and after advising the president of the situation, were asked by him to return to work until the matter could be settled. Thereupon, they reported to work on October 14, 1949, but were advised by the superintendent that others had been placed in their positions and that "there was no work for them." (Finding No. 3). The board found as a fact that they did not intend to abandon their employment when they left; that there existed a condition to which they had the right to object; that they "acted reasonably"; and that they neither voluntarily left their work without good cause nor were they discharged for willful misconduct. The evidence further established that objectionable conditions had existed for a long period of time, and that the last occurrence was merely a culmination of conduct that made it impossible for them to continue their employment.

The findings of fact were supported by sufficient and competent testimony, and are therefore binding upon this Court.

To constitute good cause, the employes' leaving must be for "adequate excuses that will bear the test of reason, just grounds for action, and always the element of good faith.": *Sturdevant Unemployment Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898. See also *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801. The circumstances here meet these tests. These claimants were not required to continue being subjected to unjust accusations, abusive conduct and profane language. That they acted in good faith is borne out by their attempt to resume work four days after leaving, on the strength of the company's promise to settle the matter. There is nothing in the evidence which can be said to point to their

"voluntarily leaving without good cause." There was ample evidence of "good cause," which the board chose to believe as true.

Decisions affirmed.