Rosalyn P. Gordon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Paul Auerbach,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 16, 1979:

The appellant, Rosalyn P. Gordon, appeals here from a denial of unemployment compensation benefits

by the Unemployment Compensation Board of Review (Board) which held that she had voluntarily terminated her employment without necessitous and compelling cause.

The appellant had been employed for three years as a bookkeeper by Serdie Outstanding Uniforms, Inc., and her employment terminated following a series of events which included a false accusation by the president of the company (employer) that she had wrongly issued a $2000 check, and use by the employer of vulgar terms and "mild expletives" directed at her over a six-month period of time. On April 10, 1978, the appellant informed the employer that she did not like his language and he told her that, if she objected, "she could leave." The referee held that although the employer's actions might not have been in good taste, the vulgarities used were not so offensive as to have given her cause to terminate her employment voluntarily. The referee's determination was affirmed by the Board and this appeal followed.

The appellant argues first that she did not quit but was fired. While we agree that there may be elements of a discharge here, this case was decided under Section 402(b)(1) of the Unemployment Compensation Law,[1] as a voluntary quit and we must therefore review the Board's determination in that light.

The appellant also argues that her employment conditions were intolerable and that she did all she could have reasonably done to remain in her job until the culmination of the events of April 10, 1978. We would agree that she was not required to continue to make herself subject indefinitely to unjust accusations, abusive conduct and profane language. *Trinovitch Unemployment Compensation Case,* 169 Pa. Superior Ct.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

269, 82 A.2d 277 (1951). In this case, however, the referee and the Board found that the employer had used a "vulgar term in a parenthetical type fashion" and had "used several mild expletives which were not directed to anyone personally" and that the language was not so offensive as to have caused the appellant to terminate her position. The findings of the Board as to facts which are supported by the evidence are conclusive upon us, of course. *Progress Manufacturing Co. v. Unemployment Compensation Board of Review*, 406 Pa. 163, 176 A.2d 632 (1962). And based upon these findings of fact, we cannot conclude that the appellant had cause of necessitous and compelling nature, as a matter of law, for the voluntary termination of her employment.

Whether or not to grant a rehearing is a matter of administrative discretion. The appellant had a fair hearing with the opportunity to present any testimony or evidence she desired, and we find here no extraordinary circumstances which would warrant our reversal of the Board's denial of her request.

The order of the Board is therefore affirmed.

### Order

And Now, this 16th day of July, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.