## Anna Marie Willet, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Richard E. Myers, Bertani and Meyers,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Steven R. Marcuse,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 5, 1981:

Anna Marie Willett has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee denying Ms. Willett unemployment compensation benefits on the ground that she voluntarily left work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The following facts of this case, as found by the referee and affirmed by the Board, are not in dispute.

1. The claimant was employed by the Department of Emergency 911 for 13 months as a dispatcher at a wage of $4.33 per hour. Her last day of work was 10-12-79.

2. The claimant experienced difficulties in getting along with the chief dispatcher, who was at times her immediate supervisor. The chief dispatcher, sometimes spoke to the claimant in a derrogatory [sic] manner and on one occasion called her a profane name.

3.  In July 1979, the claimant reported the chief dispatcher to his superior and the chief dispatcher was subsequently called before the personnel director.

4.  Subsequent to July 1979, another supervisor of the claimant's wrote the claimant up for about 20 to 30 alleged job infractions.

5.  The claimant was placed on 30 days probation beginning on 9-13-79.

6.  During the 30-day probationary period, the claimant was again written up approximately 8 times for alleged job infractions.

7.  On 10-12-79, the claimant was suspended from her employment for an indefinite period because of her work performance.

8.  The claimant filed a grievance. Charges filed against the claimant were not sustained at a grievance hearing provided.

9.  The claimant was not advised by the employer that she would be fired, however due to the animosity which prevailed an agreement was reached between the employer and the claimant's attorney, wherein the claimant was paid wages through 10-25-79 and the claimant submitted her resignation to be effective at the close of business on 10-25-79.

The derogatory manner and profanity which Ms. Willett's supervisor exhibited consisted of calling Ms. Willett a "god-damn bitch" and repeatedly insulting her intelligence and ridiculing her physical appearance.

The referee and the Board concluded that Ms. Willett had not carried her burden of proving that she left work for cause of a necessitous and compelling nature because Ms. Willett's resignation in the face of continuing employment was due solely to the animosity between Ms. Willett and her supervisor.

Ms. Willett contends that the Board erred in concluding that she left work without cause of a necessitous and compelling nature. Although the Board is the ultimate finder of facts, the question of whether or not a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to our review. *See, e.g., Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). Thus, while we must accept the undisputed findings of fact in this case, we are free to examine the Board's conclusions of law to determine whether or not the Board erred in holding that Ms. Willett did not have the requisite good cause.

Mere personality differences between an employee and his or her supervisor do not give rise to cause of a necessitous and compelling nature. *Penkola v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 326, 379 A.2d 890 (1977). However, the courts of this Commonwealth have consistently stated that an employee need not be subjected indefinitely to unjust accusations, abusive conduct or profane language. *See, e.g., Gordon v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979); *Electrical Reactance Corp. v. Unemployment Compensation Board of Review*, 169 Pa. Superior Ct. 269, 82 A.2d 277 (1951).

In the instant case, the undisputed facts reveal that for at least four months, Ms. Willett had been treated in an abusive manner by her supervisor, and was the object of verbal ridicule and profanity. Moreover, more than a score of alleged job infractions, all of which were later found to be unsubstantiated, were charged to Ms. Willett. These facts clearly demonstrate that Ms. Willett was subjected to unjust accusations, abusive conduct and profanity. Hence, Ms. Willett's resignation under the substantial circum-

504

stances of this case was consistent with ordinary common sense and prudence. *Taylor, supra.* The Board thus erred as a matter of law in concluding that Ms. Willett voluntarily left work without cause of a necessitous and compelling nature.

Accordingly, we enter the following

ORDER

AND Now, this 5th day of June, 1981, the order of the Unemployment Compensation Board of Review, dated February 20, 1980, denying unemployment compensation benefits to Anna Marie Willett, is reversed and the matter is remanded to the Board for the computation and award of benefits.