**Gary VIECHEC**

v.

**ZONING HEARING BOARD OF HAZLE TOWNSHIP and Hazle Township.**

**Appeal of Hazle Township.**

Commonwealth Court of Pennsylvania.

Argued April 19, 1996.
Decided May 30, 1996.

---

Charles R. Pedri, for Appellant.

Catherine A. McGovern, for Appellee.

Before SMITH and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Hazle Township, intervenor before the Luzerne County Common Pleas Court, appeals that court's order sustaining the appeal of permit holder Gary Viechec and reversing the Hazle Township Zoning Hearing Board's (ZHB) denial of his permit.

This appeal presents an unusual and interesting question on the status of a municipality as an intervening appellee in a zoning challenge when it is determined that the appellee originally bringing the challenge to the zoning decision lacked standing to do so. In April of 1992, Viechec filed a building permit application to construct an addition to an existing garage on his property in an R–1, single family residential district. The permit was granted. The zoning officer later investigated the construction and discovered that the garage was to be used for commercial purposes (as a low volume auto repair shop) but granted a certificate for a commercial garage as a pre-existing non-conforming use. Gerald Lacattiva filed an appeal from the zoning officer's decision. The ZHB, on Lacattiva's appeal, reversed that decision. Viechec appealed the ZHB's decision in common pleas court and, shortly thereafter, Hazle Township filed a notice of intervention.

The common pleas court remanded the case to the ZHB to take evidence on Lacattiva's standing as a protestant, on the timeliness of his appeal from the zoning officer's decision, and on the basis for the zoning officer's issuance of the non-conforming use certificate. The ZHB found that Lacattiva was timely in his challenge and had standing "due to the location of his residence and neighboring property." (Finding of Fact No. 17, ZHB decision, July 19, 1993). It ordered Viechec to cease and desist using the property as a commercial garage.

Viechec again filed a notice of appeal in the common pleas court and the Township again filed a notice of intervention. After a hearing at which only Viechec's testimony was taken, the common pleas court entered an order sustaining Viechec's appeal and reversing the ZHB's decision. In its opinion, the court noted that Lacattiva was an owner of property approximately four to five blocks away from Viechec's garage but that there was no record evidence that Lacattiva owned that property at the time he filed his appeal in 1992. On this basis, the court found that

Lacattiva was not adversely affected by the grant of a permit and therefore lacked standing to contest it. Hazle Township now appeals that order reversing the ZHB's decision.

The first issue the Township raises is whether the common pleas court erred in not reaching the merits of the appeal, assuming *arguendo* the objector had no standing, when the municipality itself had intervened before the common pleas court. The Township raises the additional issue of whether the common pleas court erred in holding that the protestant Lacattiva was not a person aggrieved and therefore lacked standing to contest the zoning officer's issuance of the certificate.

We begin with the Township's contention that, regardless of the protestant's capacity, a township has standing under the applicable provisions of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101—11201. It was not aggrieved by the ZHB's cease and desist order, but intervened in the *common pleas court in support of that order.* According to the Township, the status the MPC confers on the Township as party before the ZHB and as intervenor as of right before the common pleas court obligated the court to consider the correctness of the ZHB's decision regardless of the original challenger's standing.

Viechec takes the position that a township may not defend a zoning hearing board action by means of intervention if the original appellee in common pleas court is held to be without standing to challenge a zoning officer's decision. Viechec asserts this position based on the general proposition that an intervenor takes the action as he finds it and has no greater standing or rights other than those conferred on the appellee.

An examination of the MPC and the cases construing it compels us to reject Viechec's argument. Section 909.1(a)(3) of the MPC, 53 P.S. § 10909.1(a)(3), provides that a municipal zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in

[a]ppeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or

failure to act on the application therefor, the issuance of any cease or desist order or the registration or refusal to register any non-conforming use, structure or lot.

Section 908(3) of the MPC, 53 P.S. § 10908(3), in turn provides:

*The parties to the* [zoning hearing board] *hearing shall be the municipality,* any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board .... (emphasis added).

Relying on our decision in *Gordon v. Com., Unemployment Compensation Bd. of Review,* 44 Pa.Cmwlth. 270, 403 A.2d 235 (1979), the Township submits that its standing does not depend on the status of the protestant because status as a party to the ZHB proceedings is automatically conferred by Section 908(3). In *Gordon,* we said:

Under Section 908(3) ... the municipality is made a party to all zoning proceedings whether or not the municipality appears at the hearing or otherwise objects....

*Id.* at 234.

Viechec correctly points out that this decision disposed of the question of standing *to appeal* a zoning hearing board decision. Viechec does not dispute that the Township has standing as a party appellant but argues that the Township did not appeal and, as intervenor, has no greater standing or rights than those conferred by that status. *Appeal of the Municipality of Penn Hills,* 519 Pa. 164, 546 A.2d 50 (1988). We disagree.

First, the case we cited in *Gordon* as precedent, *Lower Paxton Township v. Fieseler Neon Signs,* 37 Pa.Cmwlth. 506, 391 A.2d 720, 723 (1978), contains illuminating language.

In designating a municipality as a party to all zoning board hearings, it is clear that the legislature intended that it be the collective representative of all residents and property owners, and, as such, interested in the proper enforcement and application of its zoning ordinance .... In our view, the legislature has declared that a township has such an interest as would cause it

to be aggrieved, for purposes of appeal, by a decision of the Zoning Hearing Board which it considered to be adverse to its best interests.

Since a municipality has an interest in the "proper enforcement and application of its zoning ordinance," *Lower Paxton*, and therefore the right to appeal, it likewise follows that in order to advance that interest, it must have a right to defend those zoning hearing board actions it considers proper. The legislature thus gave municipalities the right to intervene. Section 1004–A of the MPC, 53 P.S. § 11004–A, allows a municipality to intervene as of course in any statutory land use appeal.[1] This provision distinguishes municipalities (as well as owners and tenants of the permitted property) from all others, who may intervene only as allowed by the Pennsylvania Rules of Civil Procedure.[2] While it is no doubt true that a municipality can and must appeal *adverse* decisions if is to obtain review of the issues it chooses to raise, *Penn Hills*, if we were to adopt Viechec's position—that in intervening, the Township has adopted only those claims and defenses in subordination of the appellee—we would force municipalities in the position of Hazle Township in these proceedings into the anomalous position of appealing zoning decisions they actually advocate. Any decision which would diminish or limit that intervention depending on the actions or status of another appellee would leave the zoning hearing board without a champion of its decision.

Finally, in *Penn Hills*, our Supreme Court stated that, "unless otherwise specified an intervenor's right to participate in an appeal is not contingent upon the continued participation of the original appellant." *Id.* at 168, 546 A.2d at 52 (citing *Schaeffer v. Jones*, 293 Pa. 529, 143 A. 197 (1928)). We perceive no reason why this rule should not apply to municipalities intervening as appellees, particularly in light of their status as parties before zoning hearing boards and the MPC's recognition of a distinction between municipalities and other persons who might intervene.

The MPC accords municipalities special status in actions where permitting decisions are challenged. To designate municipalities as parties automatically, regardless of whether they participate in the zoning hearing board proceedings, as the MPC does, is to acknowledge their "capacity to sue." They are parties even if they do not participate before the board and are intervenors as of course. Their standing is statutorily conferred and not dependent on or derivative of that of a challenger to the zoning action.

■ This conclusion would end our inquiry with a reversal of the common pleas court's decision and a remand with instructions to decide the question of whether the ZHB properly reversed the zoning officer's decision to grant a certificate of non-conforming use. However, it is also our judgment that the common pleas court erred on the question of the standing of the protestant Lacattiva to contest the zoning officer's decision.

■ Section 913.3 of the MPC, 53 P.S. § 10913.3, provides that appeals from determinations of zoning officers may be filed with a zoning hearing board "by the landowner affected, any officer or agency of the municipality, or *any person aggrieved*" (emphasis added). In *D.E. Street, Inc. v. Zoning Hearing Board of the Borough of West York*, 103 Pa.Cmwlth. 127, 519 A.2d 1093, 1095 (1987), we stated that, in order to be a person aggrieved, the person must have a direct interest that is adversely affected by the action sought to be challenged. The record reveals that Lacattiva testified before the ZHB as to his interest in the certificate of

1. **§ 11004–A. Intervention**

   Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention accompanied by proof of service of the same upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

2. *But see Sell v. Douglas Township Zoning Hearing Board*, 149 Pa.Cmwlth. 425, 613 A.2d 162, 164, n. 6 (1992), where we stated that "[b]y permitting intervention as of right the MPC, in effect, creates a presumption that the property owner[s] meet the requirement to intervene which are set forth in the Rules of Civil Procedure."

non-conforming use. Although he admitted he did not own either his property "four or five blocks up the street" or his other property across the street from the garage when he lodged his complaint in 1992, it was Lacattiva's unrefuted testimony that he lived in the former property two years prior with his uncle, whose intention at that time was to deed the property to him. (Notes of Testimony, ZHB hearing, June 16, 1993, pp. 7–17). This assertion is in fact borne out by the recording of the deed in late 1992. Although the vast majority of cases disposing of the question of standing involve current property *owners,* we know of no case where that question turns on ownership. Moreover, we cannot agree with Viechec's suggestion that Lacattiva lacked standing because he failed to assert or prove how the use of the garage as an auto repair shop had an adverse financial impact on him. Contrary to Viechec's suggestion, the case law now makes clear that adverse *pecuniary* effect is not required to establish standing. *See, e.g., D.E. Street.*

Because we conclude it was an error of law to dismiss this appeal on the ground that the original challenger to the zoning officer's action lacked standing, we are constrained to reverse the common pleas court's order and remand the case for further proceedings consistent with this opinion.

## ORDER

AND NOW, this 30th day of May, 1996, the August 14, 1995 order of the Court of Common Pleas of Luzerne County, at No. 5469–C of 1992, is hereby reversed and the case is remanded to said Court for proceedings consistent with this opinion.

Jurisdiction relinquished.