**Daniel A. PORCO, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 2003.

Decided July 7, 2003.

Daniel A. Porco, petitioner, pro se.

Heather E. Conlon, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Daniel Porco, pro se, petitions for review of the order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of the referee determining that Porco was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

The Board determined that Porco failed to prove that his voluntarily leaving his position with Electronic Merchant Systems (EMS) was for cause of a necessitous and compelling nature. Porco contends that the Board capriciously disregarded the evidence and that it committed an error of law.

Porco worked as a sales representative for EMS from February 22, 2001 to May 15, 2002. The referee determined that Porco credibly testified that he was subjected to abusive, hostile and profane language from his sales manager, who was the supervisor. Porco informed the sales manager on many occasions about his inability to tolerate the hostile conduct, but there was no change. Porco stopped reporting to EMS after he met with his sales manager to resign on May 15, 2002. The sales manager then stated to Porco that "You're being a dumb f—k, just like the rest of them!" N.T. at p. 3. He threw his hands up and said, "I am not accepting your resignation!" *Id.* Later, the sales manager asked Porco to reconsider his decision and to return to his position, but he declined.

Porco testified at the hearing in this matter that he resigned because the sales manager verbally abused and humiliated him at least once a week. Thomas Pollock, an assistant sales manager, corroborated the hostile work environment. EMS did not offer contradictory evidence or testimony because the referee denied its untimely request for a telephone hearing. The referee nonetheless denied benefits because Porco failed to show that he left his position for cause of a necessitous and compelling nature. He failed to exhaust all alternatives which might have preserved the employment relationship, and he failed to establish intolerable working

conditions.[1]

Section 402(b) of the Law provides in pertinent part that an employee shall be ineligible for compensation for any week "in which his unemployment is due to voluntarily leaving work without a cause of necessitous and compelling nature[.]" An unemployment compensation claimant may be entitled to benefits if he or she can demonstrate that real and substantial circumstances caused the claimant to voluntarily leave and that those circumstances would have compelled a reasonable person to act in the same manner. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). After a claimant demonstrates that real and substantial circumstances existed, a voluntary leave is transformed into an involuntary leave. *Bliley Electric Co. v. Unemployment Compensation Board of Review*, 158 Pa.Super. 548, 45 A.2d 898 (1946).

In hostile work environment cases, Pennsylvania courts for half a century have found that profanity in the workplace, abusive conduct and unjust accusations represent adequate justification to terminate one's employment and that the claimant need not be subjected to such conduct or language indefinitely. *Electrical Reactance Corp. v. Unemployment Compensation Board of Review*, 169 Pa.Super. 269, 82 A.2d 277 (1951). However, a claimant must take common sense action to obviate the problem so that he or she does not have to terminate employment, and this is accomplished by informing one's superiors of the harassing, humiliating or abusive conduct. *Colduvell v. Unemployment Compensation Board of Review*, 48 Pa.Cmwlth. 185, 408 A.2d 1207 (1979). *See Brown v. Unemployment Compensation Board of Review*, 780 A.2d 885 (Pa.Cmwlth.2001) (claimant acts with common sense when he reports harassment to employer representative other than perpetrator when perpetrator is subject to employer's supervision). *Also see Martin v. Unemployment Compensation Board of Review*, 749 A.2d 541 (Pa. Cmwlth.2000).

Porco contends that the Board capriciously disregarded competent, material evidence and committed an error of law because the record clearly established that he tried to resolve the problem with his sales manager in order to preserve his employment relationship. The Board posits that Porco failed to meet his burden because speaking to the perpetrator about the hostile work environment was insufficient to exhaust all alternatives which might have preserved the employment relationship. As well, the sales manager rejected Porco's resignation.

The questions become whether Porco met his burden of proof to establish that he had cause of a necessitous and compelling nature to voluntarily leave his employment and whether he exhausted all alternatives in order to preserve the employment relationship. With respect to

1. The Court's review of the Board's decision is prescribed in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, which provides that the Court shall affirm unless it determines that the adjudication is in violation of the petitioner's constitutional rights, that it is not in accordance with law, that provisions relating to practice and procedure of the Commonwealth agencies in Sections 501–508 of the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, have been violated or that any necessary findings of fact are not supported by substantial evidence. *See Gunter v. Workers' Compensation Appeal Board (City of Philadelphia)*, —— Pa. ——, 825 A.2d 1236 (2003). The Court will apply the capricious disregard standard of review, which Porco has raised in this appeal. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002).

the first question, Porco was routinely subjected to abusive conduct and profanity from his sales manager, and this finding was corroborated by another employee. Any reasonable person would be compelled to leave under those circumstances, and because an employee need not tolerate a hostile environment indefinitely Porco established justification for his voluntary leave. *See Willet v. Unemployment Compensation Board of Review,* 59 Pa.Cmwlth. 500, 429 A.2d 1282 (1981) (resignation due to abusive conduct and profanity by a supervisor results from cause of a necessitous and compelling nature and is consistent with ordinary common sense and prudence).

However, with respect to the second question, Porco must show that he sought to preserve the employment relationship by exhausting all alternatives before he resigned. Porco remained with EMS for more than one year after the sales manager's abusive conduct began; he spoke directly to the sales manager but he admittedly failed to speak to any upper level management regarding the matter. When Porco recognized that the conduct had not changed, he was obligated to take the next step to inform upper level management. When an employer has no notice about a hostile work environment, an employer cannot sufficiently resolve the situation and prevent further abuse against the employee. *Comitalo v. Unemployment Compensation Board of Review,* 737 A.2d 342 (Pa.Cmwlth.1999).

■ The Board relied on *Mercy Hospital of Pittsburgh v. Unemployment Compensation Board of Review,* 654 A.2d 264 (Pa.Cmwlth.1995), for the proposition that when an employee fails to inform upper level management of a hostile work environment the employee does not exhaust all possible alternatives before a voluntary termination. Additionally, in *Peddicord v. Unemployment Compensation Board of Review,* 166 Pa.Cmwlth. 676, 647 A.2d 295 (1994), the Court found that when a claimant's immediate supervisor has knowledge of harassment against the claimant the employer also has knowledge, and the claimant is not required to report the harassment to higher levels of. management. However, the sales manager here was the perpetrator, and Porco admits that he did not report his conduct to upper level management. Porco, therefore, failed to exhaust all alternatives to preserving his employment relationship, and, consequently, he has not established that he had cause of a necessitous and compelling nature to voluntarily leave his position.[2]

■ The Board is the ultimate fact finder and the arbiter of witness credibility, and the Court may not reweigh the evidence. *Rapid Pallet v. Unemployment Compensation Board of Review,* 707 A.2d 636 (Pa.Cmwlth.1998). Moreover, the question of whether an employee has voluntarily quit his or her employment is a question of law. *Du–Co Ceramics Co. v. Unemployment Compensation Board of Review,* 546 Pa. 504, 686 A.2d 821 (1996). When determining whether the Board capriciously disregarded the evidence, the Court must decide if the Board deliberately disregarded competent evidence that a person of ordinary intelligence could not conceivably have avoided in reaching a particular result or, stated another way, if

---

**2.** The Board found that the sales manager asked Porco to reconsider his resignation. In *Craighead–Jenkins v. Unemployment Compensation Board of Review,* 796 A.2d 1031 (Pa. Cmwlth.2002), this Court determined that when an employer asked an employee to re- consider a resignation, good faith required the employee to continue working until or unless the work environment remained hostile. Failure to reconsider precludes an award for benefits. *Id.*

the Board willfully or deliberately ignored evidence that any reasonable person would have considered to be important. *See Wintermyer,* n.12 (citing *Arena v. Packaging Sys. Corp.,* 510 Pa. 34, 507 A.2d 18 (1986), and *Kania v. Ebensburg State School and Hospital, Department of Public Welfare,* 49 Pa.Cmwlth. 136, 410 A.2d 939 (1980)).

It is clear from a review of the record in this case that the Board did not deliberately disregard or ignore any competent, or important, evidence in reaching its decision that Porco failed to meet his burden of proof. He offered no evidence to demonstrate that his voluntary separation from his position was for cause of a necessitous and compelling nature. Therefore, because the Board did not capriciously disregard the evidence or otherwise commit an error of law, the Court affirms the Board's order.

### ORDER

AND NOW, this 7th day of July, 2003, the order of the Unemployment Compensation Board of Review is affirmed.