IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karen A. West, :
              Petitioner :
  :
       v. : No. 1426 C.D. 2015
  : Submitted: November 20, 2015
Unemployment Compensation :
Board of Review, :
              Respondent :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge[1]
                 HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED: March 31, 2016

          Karen A. West (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) holding that Claimant was ineligible for benefits under the Unemployment Compensation Law (Law).[2]   In doing so, the Board affirmed the Referee's determination that Claimant was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b),[3] because she voluntarily quit her employment. Specifically, the Board found that Claimant left her job for dissatisfaction with Employer's

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-914.

[3] Section 402(b) provides that "[a]n employe shall be ineligible for compensation for any week … [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. §802(b).

approach to job training, which is not a necessitous and compelling reason under Section 402(b).  We affirm.

On December 29, 2014, Claimant began employment with Warminster Dental Associates (Employer) as a dental receptionist.  As the receptionist, Claimant reported to Employer's office manager and the dentists who own the practice.  Claimant resigned on January 20, 2015, and she applied for unemployment compensation benefits.  Claimant reported on her questionnaire that she quit her job because she was dissatisfied with the training that Employer provided and because Employer's manager commented negatively about her job performance.  Employer reported on its questionnaire that Claimant voluntarily quit because "she felt like she wasn't grasping the work."  Certified Record Item No. 3, at 1.  The UC Service Center denied benefits, finding that claimant was ineligible under Section 402(b) of the Law because she left her job because of the office manager's derogatory remarks.

Claimant appealed, and a hearing was conducted before a Referee.  Employer, although being notified of the date, time and place of the hearing, did not appear.  Following the hearing, the Referee affirmed the denial of benefits, reasoning as follows:

> Mere dissatisfaction with working conditions is not good cause for terminating one's employment.  The claimant must further prove that he acted with ordinary common sense in quitting and that reasonable efforts were made to preserve the employment.  There is insufficient evidence in the record before the Referee that the claimant had a necessitous and compelling reason to resign.  Therefore, the claimant is denied benefits under Section 402(b) of the Law.

Referee's Decision at 2.  Claimant appealed.

2

On review, the Board remanded for a new hearing because the transcript of the original Referee's hearing had been lost. Employer did not participate in the second hearing.

At the remand hearing, Claimant testified that she worked for Employer for approximately three weeks, from the end of December 2014 to January 20, 2015. Claimant testified that she had previous experience as "a dental hygienist" and that she had been "in dentistry 30 years," but that it had been approximately 25 years since she had worked as a receptionist. Notes of Testimony, 05/08/15, at 3 (N.T. at ___). Claimant testified that she received little instruction from Employer on how to do certain aspects of the receptionist position, such as handling the insurance deductibles for patients. As she explained:

> I did the best to my ability. But I was unsure of a lot of computer[,] insurance, money involved things that scared me but you have to have instruction. It has to be shown at any job.... I would approach the doctors at the practice with my complaint of not getting instruction. Nothing was ever done. And on my final venture to the doctor on I believe the 20[th], she told me the job wasn't right for me; that's the instruction that they give because they're busy. So she suggested that it's not right for me and that she would give me a call if any dental hygiene [position] would arise because she liked me and I got along with everybody and so she suggested it wasn't for me.

N.T. at 2-3.

The Board affirmed the Referee's decision that Claimant was ineligible for benefits. Thereafter, Claimant sought reconsideration of the Board's decision, which was denied. Claimant then petitioned for this Court's review of the Board's adjudication.

3

On appeal,[4] Claimant argues that the Board erred in concluding that Claimant lacked a necessitous and compelling reason to resign. Claimant contends that Employer's failure to provide her with adequate training to perform her job duties constituted a compelling reason for her to voluntarily quit. The Board counters that, although Claimant did inform Employer that she was having difficulty with parts of the receptionist job, Claimant did not specify how her training had been inadequate.[5]

"Where a claimant has voluntarily terminated [her] work, the claimant bears the burden of proving that such termination was with cause of a necessitous and compelling nature." *Petrill v. Unemployment Compensation Board of Review*, 883 A.2d 714, 716 (Pa. Cmwlth. 2005) (quoting *Pacini v. Unemployment Compensation Board of Review*, 518 A.2d 606, 607 (Pa. Cmwlth. 1986)). Although the Law does not define the terms "necessitous and compelling," this Court has held that an employee must prove that:

> (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4)

---

[4] Our standard of review is to determine whether constitutional rights were violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 814 n.2 (Pa. Cmwlth. 2008).

[5] In its brief, the Board also argues that Claimant's separation from employment was voluntary, not a discharge. The Board notes that although one of the dentists "suggested" that the position might not be the right fit for Claimant, this was not tantamount to an imminent discharge. *Cf.*, *Keast v. Unemployment Compensation Board of Review*, 503 A.2d 507, 508 (Pa. Cmwlth. 1986) (employer's question, "How would you like to leave here?" did not constitute imminent discharge). Here, there is no dispute that Claimant's separation from employment was a voluntary resignation and not a discharge. On their respective questionnaires, both Claimant and Employer described Claimant's separation as a "voluntary quit."

the claimant made a reasonable effort to preserve her employment.

*Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

Precedent provides insight into when the circumstances of a job will be found to create real and substantial pressure that would compel a reasonable person to resign. Lack of work, perpetual layoffs, or drastic reductions in hours could produce real and substantial pressure to resign. *Earnest v. Unemployment Compensation Board of Review*, 30 A.3d 1249, 1256 (Pa. Cmwlth. 2011) (citing *Staub v. Unemployment Compensation Board of Review*, 673 A.2d 434, 437 (Pa. Cmwlth. 1996)). Likewise, abusive conduct, unjust accusations, and profanity in the workplace can cause a necessitous and compelling reason to voluntarily quit one's employment. *Porco v. Unemployment Compensation Board of Review*, 828 A.2d 426, 428 (Pa. Cmwlth. 2003) (citing *Electrical Reactance Corporation v. Unemployment Compensation Board of Review*, 82 A.2d 277 (Pa. Super. 1951)). In contrast, "a disagreement with an employer's policies or dissatisfaction with working conditions centered on differences with the employer's management style," absent an intolerable work atmosphere, is not a necessitous and compelling reason to voluntarily quit one's job. *Gioia v. Unemployment Compensation Board of Review*, 661 A.2d 34, 37 (Pa. Cmwlth. 1995) (citations omitted).

Here, the question is whether the circumstances of Claimant's job produced "real and substantial pressure" that would compel a reasonable person to resign. Claimant found it frustrating that she could not do the job as well as she would have liked and requested additional training. Employer's response was that it was too busy to provide more training than it was providing. Essentially, Employer expected Claimant to learn the job as her mistakes were pointed out.

5

Claimant did not testify that in time she would not be able to learn the job in this way; she had 30 years of experience in dentistry. As a new employee, Claimant had a probationary period of 90 days to learn the job.

Claimant, however, was unwilling to work in a position where she was "thrown into it." Personal dissatisfaction with one's job does not constitute cause of a necessitous and compelling nature for leaving work where the employer was satisfied with the claimant's job performance. *Brunswick Hotel & Conference Center, LLC,* 906 A.2d at 660; *Clark v. Unemployment Compensation Board of Review*, 411 A.2d 879, 880 (Pa. Cmwlth. 1980). Here, there is no evidence that Employer was not satisfied with Claimant's performance after three weeks.

In any case, Claimant did not prove that she made a reasonable effort to preserve her employment. A claimant's acceptance of a job raises a presumption of the suitability of the job. *National Aluminum Corp. v. Unemployment Compensation Board of Review*, 429 A.2d 1259, 1260 (Pa. Cmwlth. 1981). Claimant informed her Employer of her dissatisfaction with the training, and it responded that it was too busy to provide her the kind of training she wanted.[6] Claimant left Employer after three weeks, dissatisfied with

---

[6] The Board argues that Claimant failed to specify how her training was inadequate, suggesting that had she been more specific, she would have met her burden of proving that she tried to preserve her employment. It is not clear how she could have been more specific. Even so, employers determine how to train employees. Unless an employee accepts a job with the condition that the employer will include a specific training regimen, it is irrelevant. The degree of training will be different for every job. Claimant was dissatisfied with Employer's approach to training. She may have also been dissatisfied with the hours, the salary or the color of the walls. Simply complaining about an aspect of a job causing dissatisfaction does not constitute a good faith effort to preserve employment. Claimant had 90 days to learn the job under Employer's "learn from your mistakes" approach. Had she given the job 90 days, that would constitute a reasonable effort to preserve employment.

6

Employer's expectation that she learn the job by doing it. Although close, we agree with the Board that Claimant's separation from employment was caused by job dissatisfaction, not compelling and necessitous circumstances.

For these reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karen A. West,                          :
                Petitioner      :
                                 :
           v.                      :      No. 1426 C.D. 2015
                                 :
Unemployment Compensation               :
Board of Review,                        :
                Respondent      :

# **O R D E R**

AND NOW, this 31st day of March, 2016, the order of the Unemployment Compensation Board of Review dated July 2, 2015, in the above-captioned matter is hereby AFFIRMED.

                                        _____

                                        MARY HANNAH LEAVITT, Judge