# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reinaldo A. DeLeon,          :
            Petitioner      :
                       :
         v.             :   No. 1913 C.D. 2016
                       :   Submitted: May 26, 2017
Unemployment Compensation   :
Board of Review,            :
            Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER              FILED: July 12, 2017

Reinaldo A. DeLeon (Claimant), pro se, petitions for review from the Order of the Unemployment Compensation Board of Review (Board) that determined he was ineligible for unemployment compensation (UC) benefits pursuant to Section 402(b) of the UC Law (Law).[1] Claimant argues that the Board erred in determining he voluntarily quit without cause of a necessitous and compelling nature. He contends that he quit because he was subjected to a hostile work environment in the form of racial discrimination. Finding no error in the decision of the Board, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

# I.    Background

Claimant was employed by Solid Waste Services d/b/a J.P. Mascaro & Sons (Employer) as a picker from March 2014 to August 15, 2016, on which date he voluntarily quit. He subsequently applied for UC benefits and was initially determined ineligible by the Department of Labor and Industry. Claimant petitioned for appeal from this determination and was granted a hearing before a referee, who affirmed the denial of UC benefits. Claimant then appealed to the Board, which denied Claimant's request that the record be remanded for additional testimony and affirmed the referee's decision. The Board adopted the referee's findings of fact, which were as follows:

1. The claimant was employed by Solid Waste Services d/b/a J.P. Mascaro & Sons as a picker with a final rate of pay of $7.40 an hour on a full-time basis.

2. The claimant began his employment in March 2014.

3. The claimant's last day of work was 8/15/2016.

4. The claimant became upset over a comment made to him by a refuse truck driver.

5. The claimant punched out and went home.

6. The claimant never advised the general manager or the operations manager prior to leaving that he was upset by the comment made by the driver.[2]

7. The claimant did not exhaust all alternatives prior to quitting.

---

[2] Though Claimant asserts that he did complain about the conduct, his complaint occurred some three to four days after he had left employment.

(Board Order; Referee's Decision, Findings of Fact (FOF) ¶¶ 1-7.) The Board concluded that Claimant did not meet his burden of proof in showing that the work environment rose to the level of hostile and failed to demonstrate that discussion of his complaints with Employer would have been futile. Rather, the Board found that "[E]mployer credibly testified that it would have worked with the [C]laimant had it known about his alleged ongoing issues." (Board Order.) Thus, the Board concluded Claimant did not establish a necessitous and compelling reason to voluntarily quit and remain eligible for benefits under Section 402(b) of the Law. Claimant now petitions this Court for review.

## II. Discussion

On appeal,[3] Claimant asserts that the Board erred in denying him UC benefits under Section 402(b) of the Law when it concluded that Claimant did not have a necessitous and compelling reason to quit his position. As Claimant does not challenge any pertinent factual finding[4] that the Board adopted, they are binding upon this Court for purposes of this review. *Salamak v. Unemployment Comp. Bd. of Review*, 497 A.2d 951, 954 (Pa. Cmwlth. 1985).

Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S.

---

[3] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Havrilchak v. Unemployment Comp. Bd. of Review*, 133 A.3d 800, 803 n.2 (Pa. Cmwlth. 2015).

[4] In his Petition, Claimant challenges the fourth finding of fact on the grounds that the man who made the comment was a supervisor at the time rather than a truck driver; however, whether he was a supervisor or truck driver is immaterial to this analysis.

§ 802(b). Whether Claimant's reason to terminate employment is necessitous and compelling is a question of law reviewable by this Court. *Havrilchak v. Unemployment Comp. Bd. of Review*, 133 A.3d 800, 804 (Pa. Cmwlth. 2015).

A claimant arguing he left employment for a necessitous and compelling reason bears the burden of proof. *Id.* To satisfy this burden, a claimant must demonstrate that: "(1) circumstances existed that produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve h[is] employment." *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Review,* 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012) (quoting *Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006)). Once a claimant demonstrates that the above factors exist, his voluntary leave is transformed into an involuntary leave. *Porco v. Unemployment Comp. Bd. of Review*, 828 A.2d 426, 428 (Pa. Cmwlth. 2003).

Claimant asserts that he quit his job because of a racial remark allegedly made by his supervisor. (C.R. Item No. 2.) It bears emphasizing here, that:

> [i]n hostile work environment cases, Pennsylvania courts for half a century have found that profanity in the workplace, abusive conduct and unjust accusations represent adequate justification to terminate one's employment and that the claimant need not be subjected to such conduct or language indefinitely. . . . However, a claimant must take common sense action to obviate the problem so that he or she does not have to terminate employment, and this is accomplished by informing one's superiors of the harassing, humiliating or abusive conduct.

*Porco*, 828 A.2d at 428 (citations omitted). A claimant must also provide the employer with the opportunity to understand the nature of the objection before

4

resigning.  *Id.*  In *Porco*, the petitioner was subjected to "abusive, hostile and profane language" from his supervisor.  *Id.* at 427.  The petitioner had repeatedly informed his supervisor of his inability to tolerate such conduct, but did not inform management, and conditions went unchanged until the petitioner resigned.  *Id.* This Court affirmed the Board's determination that the petitioner was ineligible for benefits under Section 402(b) of the Law.  We reasoned that even though the petitioner had addressed the problem with the supervisor who was engaging in the activity, he was obligated to inform upper management of the problem.  We further determined that when an employer is not given notice of a hostile work environment, the employer cannot attempt to resolve the situation or prevent further abuse.  *Id.* at 429.  As the petitioner failed to exhaust all alternatives prior to quitting employment, he was ineligible for unemployment benefits.

Here, the Board found that Claimant "never advised the general manager or the operations manager **prior to leaving** that he was upset by the comment made by the driver."  (FOF ¶ 6 (emphasis added).)  Accordingly, the Board found that Claimant did not exhaust all alternatives prior to quitting.  Claimant does not dispute these facts.  The law requires that the claimant sustain the burden of proving a reasonable attempt to preserve employment in order to receive unemployment compensation after voluntarily quitting.  *Colduvell v. Unemployment Comp. Bd. of Review*, 408 A.2d 1207, 1208 (Pa. Cmwlth. 1979). Claimant failed to provide his employer with an opportunity to understand the nature of his objection.  Therefore, Claimant failed to meet the requisite burden of proof.

5

## III.    Conclusion

Based on the foregoing, we affirm the Board's Order, which determined Claimant was ineligible for benefits under Section 402(b) of the Law.

_____
**RENÉE COHN JUBELIRER,** Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Reinaldo A. DeLeon,                          :
                      Petitioner      :
                                :
                v.                        :      No. 1913 C.D. 2016
                                :
Unemployment Compensation                    :
Board of Review,                             :
                    Respondent      :

# **O R D E R**

    **NOW**, July 12, 2017, the Order of the Unemployment Compensation Board of Review, dated November 1, 2016, is **AFFIRMED**.

 

                                  _____

                                  **RENÉE COHN JUBELIRER,** Judge