IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Bryan, : 
          Petitioner : 
           : 
        v. : No. 2097 C.D. 2016
           : Submitted: July 28, 2017
Unemployment Compensation : 
Board of Review, : 
          Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI        FILED: August 23, 2017

      Denise Bryan (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board) affirming an Unemployment Compensation Referee's (Referee) decision finding that she was ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] because she voluntarily quit her

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) provides, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week . . . (b) [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." *Id.*

employment with Laboratory Corporation of America (Employer) "without cause of a necessitous and compelling nature." We affirm.

## I.

Claimant worked for Employer as a full-time phlebotomist from June 30, 2014, until July 25, 2016. On July 26, 2016, Claimant filed for unemployment compensation benefits stating that she voluntarily quit her job, without notice, because of "[w]ork environment, harassment and discrimination." (Record (R.) Item No. 2, Claimant Questionnaire dated 7/26/16.) The Unemployment Compensation Service Center (UCSC) denied Claimant benefits because she did not have a necessitous and compelling reason to quit as she failed to exhaust all alternatives[2] prior to voluntarily quitting her job as required by Section 402(b) of the Law, 43 P.S. § 802(b). Claimant appealed.

Before the Referee, Claimant testified that she had ongoing issues of alleged harassment with a previous supervisor, but after reporting those issues, Employer transferred Claimant to another worksite with a new supervisor (New Supervisor). She went on to testify that approximately three weeks after her transfer, on July 25, 2016, New Supervisor informed her that because she called

---

[2] When a claimant voluntarily terminates his or her employment, he or she is ineligible for benefits unless he or she left the employment for a necessitous and compelling cause. *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042, 1046 (Pa. Cmwlth. 2002). A claimant has failed to meet the burden of demonstrating a necessitous and compelling cause where he or she has failed to take all necessary and reasonable steps to preserve the employment relationship, and a claim for benefits upon the voluntary termination of that employment must be rejected. *Id.* at 1046-47.

off work the previous week by leaving a voicemail – which was against Employer's written call-off policy that she had to directly contact a supervisor – another technician had to work alone.

Claimant testified that she felt threatened and harassed during her conversation with New Supervisor about not following the policy regarding call-offs because she "was acting like it's my fault that [the other technician] was left by herself and you know, everything like was my fault." (N.T. 09/29/16[3] at 5.) After their conversation, Claimant decided to voluntarily quit her job at the end of the workday and sent an email to New Supervisor resigning her position due to "stress from the work environment, harassment, discrimination." (R. Item No. 7, Letter from Employer's Representative to Erie UCSC dated 8/8/16 with Attachment.)

When asked why she did not contact Human Resources or the Corporate Office, Claimant explained that she had already contacted Employer about problems with her previous supervisor and that she had reached her "breaking point." (N.T. 09/29/16 at 9.) Claimant admitted that had the conversation with New Supervisor not taken place, she would not have quit "[b]ecause I liked my job." (*Id.* at 12.)

---

[3] "N.T. 09/29/16" refers to the transcript of the September 29, 2016 hearing before the Referee.

Employer then offered the testimony of New Supervisor, who testified that she had been Claimant's supervisor for approximately three weeks prior to her quitting. New Supervisor testified that she never threatened to fire Claimant and also never harassed her, treated her unfairly or intimidated her. New Supervisor stated that when she spoke to Claimant on July 25, 2016, her tone was professional and she did not threaten Claimant in any way.

Determining that Claimant did not provide Employer with a chance to rectify the situation and that her conversation with New Supervisor was not harassing, the Referee denied Claimant benefits because she voluntarily quit her job without a necessitous and compelling reason as required by Section 402(b) of the Law, 43 P.S. § 802(b). Claimant appealed to the Board, which affirmed and adopted the Referee's decision in full. Claimant then filed this petition for review.[4]

## II.

On appeal, Claimant contends that she had a necessitous and compelling reason for quitting her job because she quit due to continuous harassment, verbal abuse and retaliation.

An employee who alleges that she left her position for a necessitous and compelling reason bears the burden of proving that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2)

---

[4] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 222 n.8 (Pa. Cmwlth. 2012).

4

such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve her employment." *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

> In hostile work environment cases, Pennsylvania courts for half a century have found that profanity in the workplace, abusive conduct and unjust accusations represent adequate justification to terminate one's employment and that the claimant need not be subjected to such conduct or language indefinitely. *Electrical Reactance Corp. v. Unemployment Compensation Board of Review*, 82 A.2d 277 (Pa. Super. 1951). However, a claimant must take common sense action to obviate the problem so that he or she does not have to terminate employment, and this is accomplished by informing one's superiors of the harassing, humiliating or abusive conduct. *Colduvell v. Unemployment Compensation Board of Review*, 408 A.2d 1207 (Pa. Cmwlth. 1979). *See Brown v. Unemployment Compensation Board of Review*, 780 A.2d 885 (Pa. Cmwlth. 2001) (claimant acts with common sense when he reports harassment to employer representative other than perpetrator when perpetrator is subject to employer's supervision). *Also see Martin v. Unemployment Compensation Board of Review*, 749 A.2d 541 (Pa. Cmwlth. 2000).

*Porco v. Unemployment Compensation Board of Review*, 828 A.2d 426, 428 (Pa. Cmwlth. 2003).

Even if it is assumed that Claimant was subjected to a hostile work environment and/or harassment, she did not make a reasonable effort to maintain her employment because she did not contact Human Resources or Employer's

5

Corporate Office about her conversation with New Supervisor and give Employer an opportunity to address the alleged issues. Because Claimant failed to exhaust all alternatives prior to quitting, for that reason alone, she is ineligible for benefits under Section 402(b) of the Law.

In any event, substantial evidence supports the Board's determination that "Claimant has not established that the conversation she had with her [New] Supervisor about the call-out was harassing or that the work situation was intolerable." (R. Item No. 16, Board's Order dated 11/23/16.) It is well-settled that "[r]esentment of a reprimand, absent unjust accusations, profane language or abusive conduct; mere disappointment with wages; and personality conflicts, absent an intolerable working atmosphere, do not amount to necessitous and compelling causes." *Lynn v. Unemployment Compensation Board of Review,* 427 A.2d 736, 737 (Pa. Cmwlth. 1981) (internal citations omitted). New Supervisor testified that she merely informed Claimant in a professional manner that a supervisor must be directly contacted when calling off and that leaving a message on voicemail was not sufficient.

Accordingly, for the foregoing reasons, the order of the Board is affirmed.

_____
DAN PELLEGRINI, Senior Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Bryan,                          :
               Petitioner                :
                                   :
       v.                         : No. 2097 C.D. 2016
                                   :
Unemployment Compensation              :
Board of Review,                       :
              Respondent                :

# **O R D E R**

AND NOW, this 23<u>rd</u> day of <u>August</u>, 2017, it is hereby ordered that the order of the Unemployment Compensation Board of Review dated November 23, 2016, is affirmed.

_____
DAN PELLEGRINI, Senior Judge