Brandin Cannady, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 20, 1984,

*Terry L. Fromson,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Blatt, February 11, 1985:

Brandin Cannady (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision to dismiss his appeal under 34 Pa. Code §101.51[1] when neither party appeared at the scheduled hearing.

The claimant alleges that he did not receive notice of the hearing which was held on November 21, 1983 until November 23, 1983 at which time he notified his counsel who instructed him to go to the referee's office and request that the hearing be reopened. His oral request for reopening was followed by a written request dated November 28, 1983 which explained why the claimant had failed to appear at the hearing and further stated that the claimant had been experiencing trouble with his mail delivery. On November 29, 1983, the claimant received the referee's decision postmarked November 25, 1983 dismissing his appeal.

[1] 34 Pa. Code §101.51 provides that

[i]f any party duly notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate.

In *Gadsden v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 375, 479 A.2d 74 (1984), we held that the above-quoted regulation does not permit either the referee or the Board to dismiss a case simply because a party fails to appear; rather it allows the referee to hold the hearing and decide the appeal from the record before him. *See also* Section 502 of the Law, 43 P.S. §822. We will not, however, decide this case on the basis of the issue addressed in *Gadsden*, for the Board here has failed to rule on the claimant's request to reopen the hearing, which we believe it must do prior to our addressing this case on its merits. We would add, however, that we cannot condone the practice of the Board in dismissing appeals when one of the parties fails to appear, regardless of where the burden of proof lies.

Having received no reply from the referee regarding his written request to reopen the hearing, the claimant appealed the referee's decision to the Board, again seeking to have the hearing reopened. The Board summarily affirmed the referee's decision and the present appeal ensued.

The only issue raised by the claimant is whether or not the Board abused its discretion when it denied his request to reopen the hearing without explanation. He argues that his request was made in a timely fashion and for proper cause. We may, of course, review any legal questions properly raised by the claimant. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The record reveals that neither the referee nor the Board ever issued a decision regarding the claimant's request to reopen the hearing. The Board argues, however, that it did rule *implicitly* on the claimant's request to reopen the hearing by affirming the referee's decision to dismiss the appeal.

The claimant notes that 34 Pa. Code §101.24(c) provides that

> [a] request for reopening the hearing which is not received before the decision was mailed, but is received or postmarked on or before the 15th day after the decision of the referee was mailed to the parties shall constitute a request for further appeal to the Board and a reopening of the hearing, and *the Board will rule upon such request.* If the request for reopening is allowed, the case will be remanded and a new hearing scheduled, with written notice thereof to each of the parties. At any reopened hearing, the opposing party shall be given the opportunity to object to the reopening if he so desires. *If the request to have the hear-*

*ing reopened is denied, the Board will append to the record such request, any supporting material, and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court.*

It is clear from a review of this section that the Board has a duty to rule upon the claimant's request to reopen the hearing and if that request is denied, the Board has an additional obligation to append to the record the claimant's request, any supporting material, and the ruling on the request so as to enable this Court to review the ruling on appeal.

Here, the referee never mentioned the claimant's application to reopen the hearing in his decision. We are at a loss to understand, therefore, how the Board's affirmance of the referee's decision can be viewed as a ruling on the application to reopen the hearing. Moreover, even if we were to agree with the Board's contention that its affirmance of the referee's decision constitutes a ruling on the claimant's application, we believe that 34 Pa. Code §101.24(c) requires that, when the Board denies a request to reopen a hearing, it indicate its conclusion in writing along with the reasons for that conclusion and append the ruling to the record. This the Board failed to do.

We are, of course, aware that the decision to grant or deny a request to reopen a hearing is within the Board's discretion. *Gordon v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979). We do not believe, however, that such discretion can remain unchecked in cases where, as here, the Board has not acted upon a properly filed request to reopen a hearing.

We will, therefore, remand the matter to the Board with instructions to decide whether or not the claimant's failure to appear at the hearing before the ref-

eree was for proper cause[2] and, if it was, to reopen the hearing and decide the case then on its merits.

ORDER

AND Now, this 11th day of February, 1985, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the case is remanded for further proceedings not inconsistent with this opinion. Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

---

[2] "Proper cause" is nowhere defined in the regulations but we would note that the term is also used in those regulations dealing with requests for reconsideration by the Board and that, furthermore, the Board has held that late receipt of notice of the referee's hearing is "proper cause" for reconsideration. *See Baird v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 118, 372 A.2d 1254 (1977).