540 A.2d 631

Cristoforo Seidita, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 27, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*John L. Downing,* with him, *Joseph F. Walsh,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, April 25, 1988:

This is an appeal by Cristoforo Seidita (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying Claimant benefits. Although the benefits were denied on the basis of Sections 402(b) and 401(d) (1) of the Unemployment Compensation Law,[1] the question which we must decide is whether the Board

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§802(b), 801(d)(1).

abused its discretion in ignoring Claimant's request to reopen the hearing.

Claimant stopped working for his employer when his position was abolished. He was offered another position which he declined for medical reasons. The referee found, however, that there were other positions available which Claimant could have done and that Claimant voluntarily terminated his employment to relocate to Florida despite the fact that continuing work was available. Therefore, benefits were denied.

Claimant, apparently while still in Florida, desired and requested a hearing on the denial of benefits. At approximately the same time Claimant sought the hearing he relocated to Pennsylvania. On November 26, 1986 a notice was mailed to Claimant's Florida address advising him of a telephone hearing on the discontinuance of his benefits, said hearing to be held on December 8, 1986. On November 28, 1986, Claimant alleges that he notified the Office of Employment Security (OES) of his new Pennsylvania address. The OES records, however, reflect an address change as of December 8, 1986. Although Claimant's hearing notice was mailed twelve days before the hearing and although his sister in Florida was, according to statements the referee put on the record, forwarding his mail, he alleges that as of December 8, he had not received the hearing notice. Thus, he did not show up for the hearing (neither did the employer).

The referee's decision was mailed to Claimant at his Florida address on December 8, 1986, the date of the hearing. Claimant received this decision (presumably it was forwarded to him in Pennsylvania) on December 15, 1986 and timely appealed to the Board requesting, *inter alia,* that the record be reopened.[2] The Board af-

---

[2] The question of whether to grant a reopening of the record is within the discretion of the Board. *Gordon v. Unemployment Com-*

firmed the referee on the merits, but nowhere in its decision did it specifically mention or consider the request to reopen the record. This, despite the fact that the Claimant in his appeal to the Board alleged, *inter alia,* that he spoke personally to an OES worker, Richard Schweitzer, who, on *December 4, 1986* told him that his hearing was not yet scheduled. This, of course, is in conflict with the November 26th hearing notice which is in the record. It appears from Claimant's appeal request that there was some confusion because had Claimant remained in Florida his hearing would have been by telephone but because he had moved back to Pennsylvania his hearing would need to be conducted at the local OES office. In any event, it is certain that the hearing which *was* held was the telephone hearing and that the referee had placed a call to Florida.

Despite the Claimant's allegations in his appeal request, the Board, as previously noted, never ruled upon Claimant's request to reopen the record. Board Regulation 101.24(c), 34 Pa. Code §101.24(c), authorizes the Board to reopen a record; it further provides that where a timely request for such relief is filed "the Board will rule upon the request." This same regulation also states that, if the request is denied, "the Board will append to the record the request, supporting material and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court."

In the instant case, although Claimant's request is on the record, there is no Board ruling on the request nor does the Board order on the merits address the request in any way. This makes appellate review impossible. We have held in just such a case that the remedy is to re-

---

*pensation Board of Review,* 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979).

mand to the Board for it to determine whether a claimant's failure to appear at the hearing was for proper cause and if it was, to reopen the hearing. *See Cannady v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 457, 487 A.2d 1028 (1985). We shall follow *Cannady* in this case.

Accordingly, based upon the foregoing discussion the order of the Board is vacated and this case is remanded.

ORDER

Now, April 25, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.