557 A.2d 839

Richard L. Moss, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 15, 1989, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Gregory S. Rubin*, with him, *Thomas T. Loder, Rubin & Associates*, for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 27, 1989:

Richard L. Moss appeals from a decision of the Unemployment Compensation Board of Review that affirmed a referee's dismissal of his request for a hearing on the grounds that his appeal was untimely. We affirm.

The board based its decision on its own findings of fact, as follows:

1. On April 11, 1988, the Office of Employment Security issued a determination denying benefits to the claimant.

2. A copy of this determination was mailed to the claimant at his last known post office address on the same date.

3. The notice informed the claimant that April 26, 1988, was the last day on which to file an appeal from this determination.

4. The claimant did not file an appeal on or before April 26, 1988, but waited until April 27, 1988, before filing an appeal.

5. The claimant was not misinformed or misled by the local office concerning his rights to appeal.

Mr. Moss argues that section 501(e) of the Pennsylvania Unemployment Compensation Law[1] and Administrative Rule 101.82(d)[2] of the Unemployment Compen-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821(c).

[2] 34 Pa. Code §101.82(d).

Section 101.82. Form of appeal from decision of Department provides as follows:

(d) The date of initiation of an appeal delivered by mail, either on the prescribed appeal form or by any form of written communication, shall be determined from the postmark appearing upon the envelope in which the appeal form or written communication was mailed.

sation Board of Review are arbitrary and capricious as applied by the board and in violation of his due process rights.

Section 501(e) provides as follows:

Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Notices of determination that are properly addressed and are not returned by postal authorities are presumed to be received. Because Mr. Moss did not file his appeal within the statutory fifteen days after the Office of Employment Security (OES) mailed him his determination, his appeal is not timely. *Ferraro v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 636, 639, 464 A.2d 697, 698 (1983).

Mr. Moss merely contends that because of a "miscommunication between [claimant's] attorney and an associate of the law firm, the appeal was not taken to the post office on April 26, 1988, but rather, was hand-delivered to the OES on April 27, 1988," and for that reason he is entitled to appeal nunc pro tunc. Citing cases that stand for the proposition that there may be such an allowance when delay is attributable to non-negligent conduct beyond the control of the claimant and his attorney, the claimant argues that this appeal is justified. In this case,

claimant's attorney was not hospitalized as in *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez)*, 71 Pa. Commonwealth Ct. 566, 455 A.2d 299 (1983); nor was the postal service remiss in forwarding the claimant's mail as in *Walker v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 116, 461 A.2d 346 (1983); the claimant does not allege that his attorney's law clerk encountered car problems on his way to the post office to mail the appeal as in *Perry v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983); and finally the attorney's secretary was not ill as in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979).

Although the regulation permits the postmark date to count as the date of actual receipt, the claimant contends the statute and regulation, taken together, are unreasonable and violative of his due process rights. An appeal delivered in person even one day late, although it may have been received on that same day through the postal system, is nevertheless untimely. The regulation gives significance to a postmark as a matter of grace with respect to a mail filing and therefore provides no basis for a conclusion that enforcement of the statutory deadline is violative of due process.

The order of the board dismissing Mr. Moss' appeal is affirmed.

### ORDER

NOW, April 27, 1989, the order of the Unemployment Compensation Board of Review at No. B-268445, dated September 9, 1988, is affirmed.