# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas M. Boyle, Jr.,        :
            Petitioner    :
                       :
       v.                  :   No. 1221 C.D. 2018
                       :   Submitted: January 18, 2019
Department of Human Services,   :
            Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: February 21, 2019**

Thomas M. Boyle, Jr. (Boyle), representing himself, petitions for review from an order of the Department of Human Services (DHS), Bureau of Hearings and Appeals (BHA), which affirmed the decision of an Administrative Law Judge (ALJ) denying Boyle's request for home and community-based services (HCBS). The Secretary of DHS (Secretary) denied Boyle's subsequent request for reconsideration of the BHA's order.

As a threshold matter, we note that Boyle's petition for review to this Court is untimely as to both the BHA's decision on the merits and the Secretary's denial of reconsideration. Despite our prior order directing the parties to brief the issue of whether Boyle's petition for review was untimely, Boyle advances no argument as to timeliness. Upon review, we are constrained to quash Boyle's petition for review as untimely.

In January 2017, Boyle applied for HCBS to address various medical conditions arising from a traumatic brain injury he suffered 30 years earlier. After performing an assessment, DHS, through Montgomery County Aging and Adult Services (County Agency), denied Boyle's request because he did not meet the program criteria. Boyle did not appeal this denial. Instead, he made a second request for HCBS. After a second assessment, the County Agency again determined Boyle was not entitled to HCBS because he did not meet the program criteria. Boyle filed an appeal. A hearing ensued before BHA.[1]

After the hearing, the ALJ issued a decision denying Boyle's appeal on the ground that DHS correctly denied Boyle's request for HCBS. On June 19, 2018, the BHA's Chief ALJ issued a Final Administrative Action Order affirming the ALJ's decision. The Final Administrative Action Order notified Boyle that he had 15 days from the date of the order to seek reconsideration by the Secretary or 30 days to file an appeal to this Court. It further stated that the filing of a request for reconsideration does not stop the time within which an appeal must be filed to this Court. Boyle filed a request for reconsideration with the Secretary.

On July 10, 2018, the Secretary issued an order denying Boyle's request for reconsideration for the reasons stated in the BHA's Final Administrative Action Order. The order notified Boyle that he had 30 days to appeal the denial of reconsideration to this Court.

---

[1] At the time of the hearing, Boyle was incarcerated in the Montgomery County Correctional Facility.

By letter received on August 10, 2018 (31 days after the Secretary's order denying reconsideration), Boyle expressed his intent to appeal the BHA's order. Upon receipt of Boyle's correspondence, this Court sent Boyle a form advising him how to file a petition for review. This Court preserved August 10, 2018 as the filing date of Boyle's appeal. Boyle subsequently filed a petition for review to this Court.

Thereafter, this Court issued an order indicating that Boyle's appeal may be untimely, and it directed the parties to address whether the appeal was untimely in their principal briefs on the merits.

In his brief, Boyle presents no argument as to the timeliness of his appeal. Instead, he challenges the merits of the BHA's denial of his appeal.

DHS counters that Boyle's appeal of the Secretary's order denying reconsideration is untimely; thus, this Court should dismiss Boyle's appeal for lack of jurisdiction. In any event, DHS argues, the Secretary did not abuse her discretion in denying Boyle's request for reconsideration, and Boyle offers no argument to the contrary.

Subject to certain exceptions not applicable here, a petition for review of an agency order must be filed with the prothonotary of the appellate court within 30 days after entry of the order. Pa. R.A.P. 1512(a)(1). Failure to timely appeal an administrative agency's action is a jurisdictional defect; therefore, the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. H.D.

3

v. Dep't of Pub. Welfare, 751 A.2d 1216 (Pa. Cmwlth. 2000). "Where the jurisdiction of the court has been lost because of the staleness of the complaint, the attractiveness of an argument on the merits is of no moment because the tribunal is without the power to grant the requested relief." Robinson v. Pa. Bd. of Prob. & Parole, 582 A.2d 857, 860 (Pa. 1990) (citation omitted). Therefore, an appeal filed one day after the expiration of the requisite appeal period must be dismissed as untimely. Moss v. Unemployment Comp. Bd. of Review, 557 A.2d 839 (Pa. Cmwlth. 1989).[2]

Here, Boyle filed his petition for review on August 10, 2018, 52 days after the BHA's June 19, 2018 Final Administrative Action Order. See Pa. R.A.P. 108(a) ("Date of Entry of Orders"). Thus, his appeal of the BHA's Final Administrative Action Order was untimely. Pa. R.A.P. 1512(a)(1).

In addition, although Boyle filed a request for reconsideration with the Secretary, he did not file his petition for review within 30 days of the Secretary's order denying reconsideration. Rather, he filed his petition for review on August 10, 2018, *31 days* after the Secretary issued her order denying reconsideration.[3]

---

[2] As we noted in Keith v. Department of Public Welfare, 551 A.2d 333 (Pa. Cmwlth. 1988), a party aggrieved by a BHA order has four options: (1) do nothing; (2) appeal that order to this Court within 30 days; (3) seek reconsideration from the Secretary within 15 days; or (4) seek reconsideration from the Secretary within 15 days *and* appeal the final order to this Court within 30 days. Those seeking review of the merits of a BHA adjudication must file a timely petition for review with this Court. Boyle did not do so, rendering an appeal of the merits order untimely.

[3] A petition for review is filed when it is received by the prothonotary of the appellate court. Pa. R.A.P. 1514(a)(1); see 20A G. Ronald Darlington et al., PENNSYLVANIA APPELLATE PRACTICE §1514:3 (2018-19 ed.). However, if a petition for review is accompanied by a properly executed U.S. Postal Service Form 3817, Certificate of Mailing or other similar U.S. **(Footnote continued on next page…)**

<u>See</u> Pa. R.A.P. 108(a). Thus, his appeal of the Secretary's order denying reconsideration is untimely. Pa. R.A.P. 1512(a)(1).

Moreover, in his brief to this Court, Boyle offers no argument concerning the untimeliness of his appeal. Rather, he only presents argument regarding the merits. Because Boyle did not timely file a petition for review from either the BHA's order on the merits or the Secretary's order denying reconsideration, and because he does not address the untimeliness of his petition for review in his brief, Boyle failed to preserve any issues for our review. Accordingly, we are compelled to quash the petition for review.

_____
ROBERT SIMPSON, Judge

_____
**(continued…)**

Postal Service form from which the date of deposit can be verified, that date, rather than the date of actual receipt, constitutes the date of filing of the petition for review. Pa. R.A.P. 1514(a); <u>see</u> 20A G. Ronald Darlington et al., PENNSYLVANIA APPELLATE PRACTICE §1514:3 (2018-19 ed.). Here, there is no indication that Boyle's petition for review was accompanied by a properly executed U.S. Postal Service Form 3817, Certificate of Mailing or other similar U.S. Postal Service form from which the date of deposit could be verified. As indicated above, Boyle offers no argument regarding the untimeliness of his appeal. Therefore, Boyle's petition for review was filed on August 10, 2018, the date it was received by the Chief Clerk of this Court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas M. Boyle, Jr.,                         :
                  Petitioner        :
                                        :
              v.                        :    No. 1221 C.D. 2018
                                          :
Department of Human Services,       :
                  Respondent      :

# **O R D E R**

**AND NOW**, this 21st, day of February, 2019, the petition for review filed by Thomas M. Boyle, Jr. is **QUASHED** as untimely.

_____
ROBERT SIMPSON, Judge