# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joanne C. Gisler,     :
     Petitioner :
           :
   v.       : No. 991 C.D. 2019
           : Submitted:  March 26, 2020
Unemployment Compensation :
Board of Review,     :
     Respondent :


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**    **FILED:  May 8, 2020**


Petitioner Joanne C. Gisler (Gisler) petitions for review of an order of the Unemployment Compensation Board of Review (Board), affirming the decision of an Unemployment Compensation Referee (Referee), which determined that Claimant's appeal to the Referee was untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1]  For the following reasons, we affirm the order of the Board.

Claimant applied for unemployment compensation benefits on January 20, 2019, after being discharged for alleged dishonesty from her full-time position as a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

bookkeeper with German Auto Specialists, Ltd. (Employer). (Certified Record (C.R.), Item Nos. 1, 6.) On March 13, 2019, Claimant received a phone call from a representative (Representative) from the Altoona UC Service Center (Service Center) in regard to her application for unemployment compensation benefits. (C.R., Item No. 1 at 2.) The Representative transcribed his discussion with Claimant.[2] (*Id.*)

On March 15, 2019, the Service Center mailed a Notice of Determination, denying Claimant unemployment compensation benefits pursuant to Section 402(e) of the Law, 43 P.S. § 802(e), relating to willful misconduct. (C.R., Item No. 6.) The Notice of Determination explicitly indicated that the last day to appeal the Service Center's determination was April 1, 2019. (*Id.*) Claimant appealed the Service Center's determination on April 26, 2019. (C.R., Item Nos. 7, 10.)

A Referee conducted a hearing. As to the timeliness of Claimant's appeal, Claimant testified that she received the Notice of Determination and that she understood that April 1, 2019, was the last day to file an appeal. (*Id.* at 6, 9.) Claimant contends, however, that she filed her appeal twenty-five days late because the Representative instructed her not to do anything and that he would be handling her appeal. (*Id.*) Claimant testified that, on March 13, 2019, the Representative called Claimant inquiring about the circumstances surrounding her termination from employment and her application for unemployment compensation benefits.

---

[2] The Representative's notations within the transcript include: "190314 EMI4 UC169 [Advance Notice Form, (C.R., Item No. 4),] TKN W/ CLMT[;]" and "190314 EMI4 ADVD CLMT CAN IGNORE [Form UC-]1628 WHEN RCV SAME." (C.R., Item No. 1 at 2.) Form UC-1628 is a form that puts a claimant on notice that her benefits may be terminated and provides a claimant the opportunity to respond to the evidence against her. (C.R., Item No. 4 at 1, 2.) In addition, Form UC-1628 instructs a claimant of her rights at this stage of the process and indicates that this form is "*not an appealable document*." (*Id.* (emphasis added).)

2

(*Id.* at 6, 8-9.) Claimant did not remember with whom she spoke, but she testified that the Representative allegedly told her not to "worry about sending in an Appeal, [that] he was going to cover it." (*Id.* at 8.) Claimant expected that somebody would contact her inquiring about appealing the Service Center's determination. (*Id.* at 9.) Claimant later decided to file an appeal because she "didn't hear anything." (*Id.*) On cross-examination, Claimant testified that she did not obtain the Representative's name because, after her termination, she was taking medication for depression and, at the time of the phone call, was half asleep answering the Representative's questions. (*Id.* at 10.)

Following the hearing, the Referee issued a decision, concluding that Claimant filed an untimely appeal from the Service Center's determination and, therefore, was ineligible for unemployment compensation benefits. (C.R., Item No. 11.) The Referee made the following findings of fact:

> 1. The claimant worked full time as a bookkeeper from 2010 until January 21, 2019, at a rate of pay of about $21.00 per hour.
>
> 2. On March 15, 2019, the Service Center issued a Notice of Determination which found the claimant ineligible to receive unemployment compensation benefits under [S]ection 402(e) of the . . . Law.
>
> 3. The Service Center sent the Notice of Determination to the claimant at [her] last known mailing address . . . .
>
> 4. The claimant received the Notice of Determination and understood that there was a deadline for filing the appeal.
>
> 5. April 1, 2019, was the deadline for filing an appeal to that determination.
>
> 6. The evidence in the record indicates that the claimant filed her appeal on April 26, 2019.

7.　　The claimant did not file [her] appeal on or before the April 1, 2019, deadline.

(*Id.* at 1-2.)　The Referee reasoned:

> It is well[-]settled under Pennsylvania Law that, the fifteen-day time limit is mandatory and subject to strict application.　In order for a Referee to have jurisdiction to consider an appeal after the [fifteen]-day period, the party who filed the appeal must show that either fraud or a breakdown in the administrative process caused the late appeal, or that the party or the party's representative or attorney caused the appeal to be late through non-negligent conduct.
>
> The claimant has not met her burden of proof.　The evidence in the record indicates that the claimant filed her appeal by fax on April 26, 2019.　The claimant appeared and testified that she filed her appeal late because she received a telephone call from an individual from the Service Center, and that individual advised the claimant that he would take care of the appeal.　In support of her testimony, the claimant referred to the telephone interview that was transcribed by the Service Center and admitted as part of the record.
>
> The Referee does not find this explanation to be credible for multiple reasons.　First, the telephone interview was given *prior* to the mailing of the Notice of Determination.　Accordingly, there would have been nothing to appeal at this juncture.　Second, the transcript of the oral interview referred to by the claimant as support for her testimony makes no mention of an appeal.　Finally, the claimant admits that she was taking medication at the time, and she had just awakened when she received the call.　The Referee finds it much more likely that the claimant simply misunderstood the UC representative that she spoke to.　In any event, the reality is the claimant did receive the Notice of Determination, and she was aware of the filing deadline.　There is no credible evidence in the record demonstrating fraud or a breakdown in the administrative process caused the late appeal or that the party or the party's representative or attorney caused the appeal to be late through non-negligent conduct.　The provisions of this section of the law are mandatory, and

4

> the Referee has no jurisdiction to allow any appeals filed after the expiration of the statutory appeal period. Therefore, the claimant's appeal is dismissed.

(*Id.* at 2.)

Claimant appealed the Referee's decision to the Board. (C.R., Item No. 12.) The Board affirmed, adopting and incorporating the Referee's findings of fact and conclusions of law. (C.R., Item No. 13 at 1.) The Board concluded that the Referee properly determined that Claimant's untimely appeal should not be excused because "[C]laimant failed to provide credible testimony to excuse her untimely appeal." (*Id.*) Claimant then petitioned this Court for review.

On appeal to this Court,[3] Claimant essentially argues that the Board's fourth factual finding, as adopted and incorporated from the Referee's decision, is not supported by substantial evidence and that the Board erred in determining that Claimant failed to prove that her untimely appeal was due to fraud or breakdown of the administrative process. Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). In determining whether a Board finding is supported by substantial evidence, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can be logically and reasonably drawn from the evidence. *Id.* A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal so long as the

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

record, taken as a whole, contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984).

In an unemployment compensation case, the Board is the ultimate finder of fact and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1388 (Pa. 1985). The Board has the authority to resolve evidentiary conflicts. *DeRiggi v. Unemployment Comp. Bd. of Review*, 856 A.2d 253, 255 (Pa. Cmwlth. 2004). "Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board, and are not subject to re-evaluation on judicial review." *Miller v. Unemployment Comp. Bd. of Review*, 405 A.2d 1034, 1036 (Pa. Cmwlth. 1979). The fact that a claimant may view the evidence differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings. *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Even if evidence exists in the record that could support a contrary conclusion, it does not follow that the findings of fact are not supported by substantial evidence. *Johnson v. Unemployment Comp. Bd. of Review*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986) (en banc).

In this case, Claimant argues that finding of fact 4 is not supported by substantial evidence. We disagree with Claimant's assertion that the Board's finding is not supported by substantial evidence. The Board found that "[C]laimant received the Notice of Determination and understood that there was a deadline for filing the appeal." (Board's Finding of Fact No. 4; C.R., Item No. 10 at 1.) Claimant testified that she received and understood the Notice of Determination, which, consequently, contained five explicit indications of the April 1, 2019 deadline for filing a timely appeal. (C.R., Item Nos. 9, 10 at 9-10.) Although Claimant testified that the

6

Representative told her not to worry about the appeal in her case, the Board did not find her testimony credible. (C.R., Item No. 11 at 2.) The Board explained that Claimant's testimony is not credible, because the evidence within the record illustrates that her conversation with the Representative occurred before she received the Notice of Determination, that the Representative's transcript notations do not mention an "appeal" in any manner, and Claimant had admitted that she was on medication and had just woken up during her conversation with the Representative. (*Id.*)

We next consider whether the Board erred in determining that Claimant failed to prove that she had a justifiable cause to excuse her untimely appeal. Generally, under Section 501(e) of the Law, a notice of determination will become final where a claimant fails to file an appeal within fifteen calendar days after said notice was delivered either to her personally or was mailed to her last known address. It is well-settled that this fifteen-day time limit to file an appeal is *mandatory* and is to be strictly applied. *Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017); *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (en banc). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Dumberth*, 837 A.2d at 681. Moreover, this Court has held that an appeal filed one day past the statutory appeal period must be dismissed as untimely. *Moss v. Unemployment Comp. Bd. of Review*, 557 A.2d 839, 839-840 (Pa. Cmwlth. 1989).

In limited circumstances, the Board may consider untimely appeals, *nunc pro tunc*, "as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Union Elec. Corp. v. Bd. of Prop.*

7

*Assessment, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000). In order for the Board to allow an untimely appeal, the claimant, bearing the burden of proof, must illustrate that her delay in filing her appeal was caused by "extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct beyond the [claimant's] control." *Lopresti v. Unemployment Comp. Bd. of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012). In so doing, the claimant must demonstrate that "'the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct' or that 'non-negligent conduct beyond [the claimant's] control caused the delay.'" *Id.* (quoting *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008)).

In this case, Claimant essentially argues that her untimely appeal was not due to her own negligence, but, rather, was due to fraud or a breakdown in the administrative process after she reasonably relied upon the Representative's instructions not to worry about her appeal, as he would be taking care of Claimant's appeal for her. Furthermore, Claimant essentially argues that the Representative improperly or unintentionally misled her during their March 2019 phone conversation by allegedly referencing the Notice of Determination and said to disregard this document as he would be handling her appeal. Additionally, Claimant argues that the Board is not prejudiced by the delay in her appeal. Despite Claimant's allegations, however, there was no fraud or breakdown in the administrative process in this case. The Board acknowledged that Claimant presented her own testimony and timeline of events in support of her allegations. (C.R., Item No. 11 at 2.) As noted above, however, the Board did not credit Claimant's testimony.

8

As the Board's findings are supported by substantial evidence within the record, as discussed above, they are binding on appeal. *Peak*, 501 A.2d at 1388. As Claimant's appeal to the Referee was untimely, the merits of her appeal, challenging the Service Center's determination of ineligibility due to willful misconduct, is not before us. Accordingly, we affirm the order of the Board.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joanne C. Gisler,                                    :
                    Petitioner                        :
                                                      :
            v.                                        :      No. 991 C.D. 2019
                                                      :
Unemployment Compensation                            :
Board of Review,                                     :
                    Respondent                        :

# **O R D E R**

AND NOW, this 8th day of May, 2020, the order of the Unemployment Compensation Board of Review is AFFIRMED.

P. KEVIN BROBSON, Judge
