# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dominic H. Bergamasco,         :
                  Petitioner    :
                                :
          v.                 :    No. 1401 C.D. 2019
                                :    Submitted: April 17, 2020
Unemployment Compensation   :
Board of Review,             :
                  Respondent  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED: August 24, 2020**


Petitioner Dominic H. Bergamasco (Claimant) petitions, *pro se*, for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a decision by a Referee dismissing Claimant's appeal as untimely under Section 501(e) of the Pennsylvania Unemployment Compensation Law (Law).[1] We now affirm the Board's order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law provides:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [Department of Labor and Industry (Department)] . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such

Claimant filed a claim for unemployment compensation benefits on January 6, 2019, following termination from his employment with CBS Corporate Services, Inc. (Certified Record (C.R.), Item No. 1.) The Altoona UC Service Center (Service Center) denied benefits pursuant to Section 401(c) of the Law, 43 P.S. § 801(c), because Claimant failed to return information related to his claim.[2] (C.R., Item No. 4.) Claimant appealed, and a Referee conducted a hearing on June 5, 2019, at which neither party appeared. (*Id.*)

The Referee made the following findings of fact:

> 1. On February 6, 2019, the Unemployment Compensation Service Center mailed Notices of Determination to the claimant and employer denying benefits to the claimant under [S]ection 401(c) of the Law.
>
> 2. The claimant's version of the Notice of Determination was mailed to his correct mailing address of record.
>
> 3. The Notice of Determination was not returned by the postal authorities as undeliverable.
>
> 4. The Notice of Determination informed the claimant that February 21, 2019[,] was the last day to file an appeal.
>
> 5. The claimant did not file an appeal to the Notice of Determination on or before February 21, 2019.

> determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

[2] Specifically, Claimant filed for unemployment compensation benefits. Thereafter, the Department's Office of Unemployment Compensation, received information that Claimant was receiving severance pay. The Department requested more information from Claimant and Employer but did "not receive[] sufficient information to adjudicate [C]laimant's severance pay under Section 404(d)(1.1) of the . . . Law[, 43 P.S. § 804(d)(1.1)]." (C.R., Item No. 4.)

6.     The claimant did file an appeal, via email, on May 21, 2019.

(C.R., Item No. 10.)  The Referee reasoned: "Although duly notified of the date, time and place of the unemployment compensation hearing, the claimant did not appear for the hearing to present testimony and evidence on the issues under appeal. . . .  In the present case, the [c]laimant did not appear at the scheduled hearing[] to provide testimony to show fraud or a breakdown in the administrative process which may have caused the late appeal." (*Id*.)  The Referee dismissed the appeal as untimely pursuant to Section 501(e) of the Law.  (*Id*.)

Claimant appealed to the Board, and the Board remanded the matter to the Referee for a hearing.  (C.R., Item Nos. 11-12.)  At this hearing, Claimant testified that he did not appear at the June 5, 2019 hearing, because he was on vacation.  (C.R., Item No. 17 at 3.)  Claimant testified that on May 31, 2019, the same day he left for vacation, he spoke with a Department employee on the phone about leaving for vacation for ten days, but the employee "comforted" him that he would not receive a scheduled hearing date for two weeks.  (*Id*. at 4.)  Claimant testified that he learned about his scheduled hearing date of June 5, 2019, after he returned from vacation on June 11, 2019.[3]  (*Id*.)

As to the timeliness of his appeal, the Referee asked Claimant a variety of questions based upon the claim record.  (*Id*. at 8-9.)  First, Claimant testified that, on February 6, 2019—the date of the Notice of Determination at issue—he had a telephone conversation with a Department representative regarding his severance, during which he informed the Department that Employer would not provide

---

[3] During the hearing, the Referee stated that typically a claimant is given a full 14-day notice of a hearing. (C.R., Item No. 17 at 5.)  Claimant testified that, because he kept calling the Department, a Department representative said that she was expediting the matter for him. (*Id.* at 6.)  He believes that may explain why the hearing was scheduled so quickly. (*Id.*)

3

additional information regarding severance. (*Id.*) Claimant also testified regarding a telephone conversation he had with a Department employee on March 7, 2019, after which he faxed information to the Department regarding severance pay. (*Id.* at 9.) Claimant stated that no one told him he needed to file an appeal at that point. (*Id.*) Rather, he was informed that all he needed to do was provide the information and he would be fine. (*Id.*) Sometime thereafter, he received one unemployment compensation check, so he thought he was good. (*Id.*) He then said he "called back[,] and it was just a confusing process[,] and [he does not] know what happened." (*Id.*) He characterized it as "a combination of [his] fault and the situation." (*Id.*)

When asked to describe what he was told and when he was told any details that caused him to miss his appeal deadline, Claimant testified:

> I think it was a combination. I called and I was told, number one, file on, either log into PA CareerLink and I did all of that. Then, I was told I just needed information about the severance. So, I sent that and I wasn't told I needed to appeal. Then I received something else. I received two different things on [February] 6th. One talked about the severance, but the other one just said the employer didn't respond, so I was eligible for benefits. . . .
>
> So, I had all this information and it just all kind of misled me to believe it was just taking time to process.

(*Id.* at 9-10.) As to the two determinations, both of which were mailed on the same day, Claimant confirmed that one was a separation determination that ruled him eligible for benefits based on his separation from employment and the other was the notice that is the subject of this appeal, which denied him benefits under Section 401(c) of the Law. (*Id.*)

When asked whether there was anything else Claimant wanted the Referee to consider, Claimant responded:

4

I would just say I received a lot of information. I tried to follow up and respond and I apologize for all of this paperwork and all of this time that everyone had to deal with this. I mean, I truly just–I don't know what occurred. There were a lot of things, as you can see in the file, a lot of different scenarios and I got confused somehow. I didn't understand exactly what was needed in what time based on conversations . . . .

(*Id.* at 11.)

Upon completion of the hearing and receipt of the transcript, the Board concluded "that the determination made by the Referee [wa]s proper." (C.R., Item No. 18.) The Board then adopted and incorporated the Referee's findings and conclusions. (*Id*.) In so doing, the Board explained:

The [Board] remanded to receive testimony and evidence on the claimant's reason for his nonappearance at the previous hearing. The claimant did not appear at the previous hearing because he was out of town on vacation and did not get the Notice of Hearing on time to attend the hearing. The Board does not consider this to be good cause for nonappearance. The Board does not credit the claimant that someone from the unemployment office promised him his hearing would not be until two or three weeks. Therefore, the testimony and evidence offered at the remand hearing will not be considered.

. . . .

Assuming, *arguendo*, the claimant had good cause for his nonappearance and his testimony was considered, the claimant did not supply a sufficient reason to accept his appeal as timely. The claimant testified[:] "[I] partially, I screwed up. I mean, I'll admit it with the deadline . . . ." An appellant's subjective misunderstanding or confusion related to straightforward appeal language in an unemployment compensation notice is not a legitimate reason for the enlargement of time to appeal. *Williamson v. . . . Dep't of Transp.[, Bureau of Driver Licensing]*, 129 A.3d 597, 602 (Pa. Cmwlth. 2015).

(C.R., Item No. 18.) This appeal followed.

5

On appeal,[4] Claimant argues that the Board erred in concluding that he did not have good cause for his nonappearance, which error resulted in the Board excluding from consideration his testimony regarding the timeliness of his appeal. Claimant further argues that the Board erred in concluding that his appeal was untimely, because, had the Board considered the improperly excluded testimony, it would have concluded that circumstances justified the filing of a late appeal. The Board argues that, based on the Board's credibility determination, Claimant did not have proper cause for his nonappearance at the first hearing, and, therefore, his testimony regarding the timeliness of his appeal offered at the remand hearing was properly disregarded by the Board. In the alternative, the Board argues that, even if Claimant had proper cause for his nonappearance and his testimony concerning the timeliness of his appeal was considered, *nunc pro tunc* relief is not warranted in light of Claimant's delay in filing his appeal.

We first address whether Claimant had good cause for his nonappearance. The Department's regulations address requests for reopening the record where a party does not attend a scheduled hearing:

> If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened. Requests for reopening, whether made to the referee or Board, shall be in writing; [and] shall give reasons believed to constitute "proper cause" for not appearing[.]

---

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

6

34 Pa. Code § 101.24(a). "If a party fails to appear at a scheduled hearing, that party must show good cause for that failure before the Board will delay the final disposition of the case by remanding for additional hearings. Were it otherwise, there would be no incentive to appear at the initial hearing." *McNeill v. Unemployment Comp. Bd. of Review*, 511 A.2d 167, 169 (Pa. 1986). The decision to grant or deny a request to reopen a hearing is within the Board's discretion. *Cannady v. Unemployment Comp. Bd. of Review*, 487 A.2d 1028, 1030 (Pa. Cmwlth. 1985). We have repeatedly held that a party's own negligence is not sufficient "good cause" as a matter of law for failing to appear at a Referee's hearing. *See Eat 'N Park Hospitality Grp., Inc. v. Unemployment Comp. Bd. of Review*, 970 A.2d 492 (Pa. Cmwlth. 2008) (holding employer's witness did not show good cause for failing to testify by telephone at referee's hearing where his testimony amounted to admission that employer's telephone directions to referee were inaccurate); *Kelly v. Unemployment Comp. Bd. of Review*, 747 A.2d 436 (Pa. Cmwlth. 2000) (holding employer did not show good cause for nonappearance at hearing where its personnel director failed to explain why neither she nor person reviewing mail in her absence did not discover hearing notice); *Savage v. Unemployment Comp. Bd. of Review*, 491 A.2d 947 (Pa. Cmwlth. 1985) (holding claimant's misreading of date on hearing notice did not constitute good cause for nonappearance at referee's hearing).

Here, the Board did not credit Claimant's testimony that he was told by a Department employee that his hearing would not be scheduled for at least two weeks. (C.R., Item No. 17.) In an unemployment compensation case, the Board is the ultimate fact-finder and is empowered to make credibility determinations. *McCarthy v. Unemployment Comp. Bd. of Review*, 829 A.2d 1266, 1269-70 (Pa.

Cmwlth. 2003). In making such determinations, the Board is free to reject the testimony of any witness, even uncontradicted testimony. *Daniels v. Unemployment Comp. Bd. of Review*, 755 A.2d 729, 732 (Pa. Cmwlth. 2000).

The Notice of Hearing was mailed on May 29, 2019, and Claimant left for vacation at 3:00 a.m. on May 31, 2019. (C.R., Item No. 17.) Claimant knew that a Notice of Hearing would arrive at his address by mail sometime in the near future, yet he did not arrange for anyone to check his mail in his absence. (*Id.*) This Court has consistently found petitioners negligent by not making other arrangements for their mail to be monitored while they were away. *Best Courier v. Dep't of Labor & Indus., Office of Unemployment Comp. Tax Servs.*, 220 A.3d 696, 701 (Pa. Cmwlth. 2019). Claimant's failure to arrange for others to monitor his mail, therefore, constituted negligence. The Board, therefore, did not err in concluding that Claimant failed to prove good cause for his nonappearance. Because a Claimant's own negligence is not "good cause" as a matter of law for failing to appear at the hearing, the Board did not err when it refused to consider testimony from Claimant regarding the timeliness of his appeal.

Moreover, we agree with the Board that, even if it had considered Claimant's testimony regarding the timeliness of his appeal, Claimant still would not prevail. Generally, under Section 501(e) of the Law, a Notice of Determination will become final where a claimant fails to file an appeal within fifteen calendar days after said notice was delivered either to him personally or was mailed to his last known address. It is well settled that this fifteen-day time limit to file an appeal is mandatory and is to be strictly applied. *Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017); *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (en banc). "Appeal periods,

8

even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Dumberth*, 837 A.2d at 681. Moreover, this Court has held that an appeal filed one day past the statutory appeal period must be dismissed as untimely. *Moss v. Unemployment Comp. Bd. of Review*, 557 A.2d 839, 839-40 (Pa. Cmwlth. 1989). Thus, a petitioner carries a heavy burden to justify an untimely appeal. *Blast Intermediate Unit #17 v. Unemployment Comp. Bd. of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994).

In limited circumstances, the Board may consider untimely appeals *nunc pro tunc* "as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000). In order for the Board to allow an untimely appeal, the claimant, bearing the burden of proof, must illustrate that his delay in filing his appeal was caused by "extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct beyond the [claimant's] control." *Lopresti v. Unemployment Comp. Bd. of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012). In so doing, the claimant must demonstrate that "'the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct' or that 'non-negligent conduct beyond [the claimant's] control caused the delay.'" *Id.* (quoting *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008)). A breakdown in the administrative process occurs when "an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Elec. Corp.*, 746 A.2d at 584. In the context of unemployment compensation appeals, an administrative breakdown occurs when, for example, "a referee's decision is mailed to an incorrect

address; adequate assistance is not provided to a claimant with cognitive impairment; or[] an official misleads a litigant as to the proper procedure for filing an appeal." *Hessou*, 942 A.2d at 198. In *Finney v. Unemployment Compensation Board of Review*, 472 A.2d 752 (Pa. Cmwlth. 1984), we held that a claimant's lack of understanding of the law—in this instance, the procedures for filing an appeal—"does not excuse a party to an action from [the party's] statutory obligation to file an appeal within the prescribed appeal period." *Finney*, 472 A.2d at 753-54.

Claimant contends that receiving two "conflicting" determinations was confusing and that he relied on Department employees to guide him. Claimant further contends that he was confused by the payment made in error sometime thereafter.[5] The Board did not find any credible evidence in the record to show that Claimant was told by a Department employee that he did not need to file an appeal during the statutory appeal period or after that period had ended. Thus, Claimant has not established that he was misled by a Department employee during the February 6, 2019 conversation.[6] Nor has Claimant established that he was misled by subsequent conversations with Department employees. The March 7, 2019 conversation concerning severance occurred after the expiration of the February 21, 2019 statutory appeal deadline. Thus, the March 7, 2019 conversation and all others occurring after February 21, 2019, had no effect on Claimant's

---

[5] Claimant in his brief asserts that he received unemployment compensation benefits on March 26, 2019, for the week ending March 16, 2019. (Claimant's brief at 5.) He did not receive benefits thereafter, and, on April 12, 2019, he received a notice of non-fault overpayment. (*Id.*)

[6] In Claimant's brief, Claimant repeats several times that he was not told to file an appeal. It appears Claimant is arguing that Department employees had a duty to inform Claimant that he needed to file an appeal. This is simply not a requirement under Section 501(e) of the Law. If a Department employee had told Claimant specifically not to appeal prior to the statutory deadline, the outcome may have been different. That is not, however, what happened here.

10

decision not to appeal within the statutory period. In addition, any confusion stemming from the overpayment made thereafter had no effect on Claimant's decision not to appeal during the statutory appeal period.

Here, Claimant failed to file within the mandatory fifteen-day statutory appeal period, admitting that he had received proper notice of the appeal deadline. Claimant has not shown that fraud, administrative breakdown, or non-negligent conduct beyond Claimant's control occurred which caused Claimant not to appeal by February 21, 2019. Admitting that he knew the statutory appeal deadline, Claimant chose not to appeal because he received another determination stating he was eligible. (C.R., Item No. 17.) Claimant's subjective misunderstanding about the duty and obligation of Department employees is insufficient to show that non-negligent conduct beyond Claimant's control caused the untimely appeal. Unfortunately, Claimant's subjective misunderstanding and decision not to appeal caused the delay. Claimant did not present any extraordinary circumstances which would warrant *nunc pro tunc* relief, and thus has not overcome the heavy burden of justifying an untimely appeal. The Board, therefore, did not err as a matter of law when it concluded that *nunc pro tunc* relief was not warranted because Claimant's delay in filing his appeal was due to his own negligence.

Accordingly, we affirm the order of the Board.


_____
P. KEVIN BROBSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dominic H. Bergamasco,         :
               Petitioner    :
                                   :
         v.                    :    No. 1401 C.D. 2019
                                   :
Unemployment Compensation   :
Board of Review,                :
               Respondent   :

# **O R D E R**

AND NOW, this 24th day of August, 2020, the order of the Unemployment Compensation Board of Review is AFFIRMED.

P. KEVIN BROBSON, Judge
