IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Lanese,                               :
              Petitioner                      :
                                              :
              v.                              :
                                              :
Unemployment Compensation                     :
Board of Review,                              :   No. 1475 C.D. 2024
              Respondent                      :   Submitted: February 3, 2026


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STELLA M. TSAI, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE TSAI                                 FILED: March 23, 2026


Petitioner Michael Lanese (Claimant) petitions, *pro se*, for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a decision by a Referee dismissing Claimant's appeal as untimely under Section 501(e) of the Pennsylvania Unemployment Compensation Law (Law).[1]   Upon review, we now affirm the Board's order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).  For the period relevant to this appeal, Section 501(e) of the Law provided:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [Department of Labor and Industry (Department)] . . . within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Claimant filed a claim for Pandemic Unemployment Assistance (PUA) benefits[2] effective July 26, 2020. Certified Record (C.R.), Item No. 2. On July 30, 2020, the Department's Office of Unemployment Compensation Benefits notified Claimant of his eligibility for a $195.00 weekly benefit amount. *Id*. This Monetary Determination of Pandemic UI Assistance (Determination) noted that if Claimant disagreed with the determination, he had the right to appeal but was required to do so by September 28, 2020. *Id*. at 2.

Claimant appealed the Determination on June 28, 2024, nearly four years after the deadline. C.R., Item No. 3 at 4. A Referee conducted a hearing on August 5, 2024. C.R., Item No. 7. Claimant appeared, *pro se*, and testified on his own behalf without the assistance of his non-legal representative.[3] The Referee noted that the threshold issue dealt with timeliness of an appeal. *Id*. at 6.

The Referee made the following findings of fact:

1. On July 30, 202[0], a . . . Determination was issued establishing . . . Claimant's [PUA] weekly benefit amount at $195.

2. A copy of this Determination was mailed to . . . Claimant's mailing address, . . . , emailed to . . . , Claimant's registered email address at the time, . . . , and provided in . . . Claimant's PUA website portal on the above date.

3. . . . Claimant chose internal message with email notification as his preferred notification method at the time.

---

The General Assembly since amended Section 501(e) to require a claimant to file an appeal "no later than twenty-one calendar days after the "Determination Date" provided on such notice." *See* Act of June 30, 2021, P.L. 173, effective July 24, 2021.

[2] The CARES Act of 2020, 15 U.S.C. § 9021(f), authorized federal Pandemic Unemployment Assistance (PUA) funds to be disbursed through the Department. It allowed an appeal period of 60 days for initial financial determinations. *See* Certified Record at 68.

[3] The Referee attempted to call Claimant's non-legal representative, Gibran Zeher, but he was unavailable. (C.R., Item No. 7 at 2.) Claimant acknowledged this and said: "I think I can handle the hearing." (*Id*.)

4. The Determination informed . . . Claimant that he had until September 28, 2020, to file an appeal if . . . Claimant disagreed with the determination.

5. . . . Claimant filed his appeal via email with a sent date of June 28, 2024.

6. . . . Claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

C.R., Item No. 8 at 2.

In issuing the Decision, the Referee noted that the Department sent the Determination to Claimant based on contact information that Claimant had provided. *Id*. at 3. The Referee reasoned: "The provisions of this Section of the Law are mandatory, and the Referee has no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period." *Id*. The Referee ultimately dismissed the appeal as untimely pursuant to Section 501(e) of the Law. *Id*.

Claimant filed a timely appeal of the Referee's Decision to the Board on August 22, 2024. C.R., Item No. 9 at 1. As to the timeliness of his appeal of the Determination to a Referee, Claimant stated only that he claimed that he "qualif[ied] for timely filing under *Nunc Pro Tunc*." *Id*. The Board adopted and incorporated the Referee's findings of fact and conclusions of law. C.R., Item No. 11 at 1. The Board, addressing Claimant's *nunc pro tunc* argument, concluded that "[C]laimant did not provide credible evidence or testimony sufficient to meet his heavy burden to allow a late appeal under Section 501(e) of the Law." *Id*. Claimant then petitioned this Court for review.

3

On appeal,[4] Claimant sets forth several issues.[5] Of relevance to our analysis, Claimant argues that his circumstances warrant "access to a *nunc pro tunc*" appeal. Claimant's Brief at 7. The Board argues in response that Claimant waived this issue by failing to develop it in his brief.

It is well settled that the statutory appeal deadlines are mandatory and are strictly applied. *Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017). Our Court has ruled that an appeal filed even one day past the statutory deadline, absent extraordinary circumstances, must be dismissed as untimely. *Moss v. Unemployment Comp. Bd. of Review*, 557 A.2d 839, 839-840 (Pa. Cmwlth. 1989). In limited circumstances, the Board in these cases may consider an untimely appeal, *nunc pro tunc*, if the claimant can demonstrate that the delay was caused by "extraordinary circumstances involving fraud, administrative breakdown, or non-negligent circumstances beyond the [claimant's] control." *Lopresti v. Unemployment Comp. Bd. of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012). Additionally, claimants seeking to appeal *nunc pro tunc* must show that they (1) "filed the appeal within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed period is of short duration; and (3) the respondent is not prejudiced by the delay." *R.H. v. Dep't of Human Servs.*, 205 A.3d 410, 414 (Pa. Cmwlth. 2019).

---

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

[5] Claimant contends: (1) the Board failed to accommodate his "palpable hearing and other disabilities to an extent rendering proceedings invalid;" (2) he "support[ed] his claim for benefits with sufficient evidence to merit a decision in his favor;" (3) "the circumstances presented . . . merit his access to an appeal *nunc pro tunc*;" (4) "the circumstances presented . . . suggest that his rights to procedural [and] substantive due process of law [were] violated;" and (5) "the circumstances presented . . . suggest that his right to be free from invidious discrimination denied him equal protection of the law." Claimant's Brief at 3.

4

Claimant states in the "Questions Presented" section of his brief that the delay in filling his appeal is excusable because the Board did not accommodate his "palpable hearing and other disabilities" and that his disabilities rendered the proceedings "invalid" due to a lack of accommodation. *Id*. Claimant's brief does not expand on these allegations. *Id*. In fact, the remainder of Claimant's brief, including the "Argument" section, are entirely silent regarding any disability and the issue of Claimant's entitlement to *nunc pro tunc* relief; Claimant has failed to provide any discussion and/or legal citations to develop the *nunc pro tunc* issue. This Court has held if a claimant raises a question or issue but does not address it further in this brief, the issue is waived. *See Tyler v. Unemployment Comp. Bd. of Review*, 591 A.2d 1164, 1167 (Pa. Cmwlth. 1991). Thus, we must agree with the Board that Claimant has waived this issue. For this reason, Claimant's request for *nunc pro tunc* relief must fail.[6]

Accordingly, we affirm the order of the Board.

_____
STELLA M. TSAI, Judge

---

[6] Furthermore, we note that this is the first time that Claimant has raised the issue of any disability throughout the proceedings that gave rise to the instant appeal. In his initial application for PUA benefits, he certified that he did not have a disability. C.R., Item No. 1 at 2. In advance of his Referee hearing, he was notified about the ability for individuals with disabilities to receive accommodation through the Department, but he did not notify the Department that he had any type of disability. C.R., Item No. 6 at 6. Moreover, even if Claimant had properly developed the issue that the delay in appealing the Determination to the Referee was the result of a disability, Claimant makes no attempt to address the remaining requirements he must prove to be entitled to *nunc pro tunc* relief.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Lanese, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 1475 C.D. 2024 |
| Respondent | : | |

# **O R D E R**

AND NOW, this 23rd day of March, 2026, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
STELLA M. TSAI, Judge